**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fisher Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff,*
Shantwania Dickson

## UNITED STATE DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHANTWANIA DICKSON,** | ) **Case No.:** |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR DAMAGES FOR** |
| | ) **VIOLATION OF:** |
| v. | ) |
| | ) **I.   THE TELEPHONE** |
| **WELLS FARGO BANK, N.A.,** | )      **CONSUMER PROTECTION** |
| | )      **ACT, 47 U.S.C. §§ 227, ET** |
| | )      **SEQ.; AND** |
| Defendant. | ) **II.   THE ROSENTHAL FAIR** |
| | )      **DEBT COLLECTION** |
| | )      **PRACTICES ACT, CAL. CIV.** |
| | )      **CODE §§ 1788, ET SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |

//

//

//

//

//

//

- 1 -
COMPLAINT FOR DAMAGES

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., as a way to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. Plaintiff SHANTWANIA DICKSON ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant WELLS FARGO BANK, N.A. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages through Defendant's continued negligent and/or willful contact to Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA") and the  Rosenthal

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

COMPLAINT FOR DAMAGES

Fair Debt Collection Practices Act, Cal. Civ. §§ 1788, et seq. ("RFDCPA").

4. In 2015, the Federal Communications Commission noted, "[m]onth after month, unwanted robocalls and texts, both telemarketing and informational, top the list of consumer complaints received by the Commission." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 1 (2015).

5. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls and messages like the ones described within this Complaint, and to protect the privacy of citizens such as Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Financial Services*, *LLC*, 132 S. Ct. 740, 744 (2012).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102–243, § 11.  Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. Congress also specifically found that "the evidence presented to [] Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id*. at §§ 12-23; See also, *Mims*, 132 S.

Ct. at 744.

8. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

9. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

10. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

11. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

12. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227(b) because this case arises from violations of the federal law. In addition, this Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C § 1367 as they are so related to Plaintiff's TCPA claim that they form part of the same case or controversy.

14. As mentioned above, this action arises out of Defendant's violations of (i) the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA"); and (ii)

the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788, et seq. ("RFDCPA").

15. Because Defendant conducts business within the State of California, personal jurisdiction is established.

16. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the County of Los Angeles, State of California, which is within this judicial district, the conduct complained herein occurred within this judicial district, and Defendant conducted business in this judicial district at all times relevant.

## PARTIES

17. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, from whom a Defendant sought to collect an alleged debt which was due and owing or alleged to be due and owing from Plaintiff.

18. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10), a "debtor" as defined by California Civil Code § 1788.2(h), and a "consumer" as defined by Cal. Civ. Code § 1785.3(b) and 15 U.S.C. § 1692a(3).

19. Defendant is a national banking association with a principal place of business or headquarters located at 101 North Phillips Avenue, Sioux Falls, South Dakota.

20. As a corporation, Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection" as defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

22. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from Plaintiff, a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" as and "consumer credit" as defined by Cal. Civ. Code § 1788.2(f).

**FACTUAL ALLEGATIONS**

23. At all times relevant, Plaintiff is an individual residing within the County of Los Angeles in the State of California.

24. At all times relevant, Defendant conducted business in the State of California.

25. Sometime prior to March 2018, Plaintiff incurred certain personal financial obligations to Defendant, which are due or owing, or alleged to be due or owing, from a natural person to another person and was therefore a "debt" as defined by California Civil Code §1788.2(d) and a "consumer debt" as that phrase is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(5).

26. Sometime prior to March 2018, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff disputes the validity of the alleged debt.

27. As a result of Plaintiff's alleged delinquency, Plaintiff has received over seventy-five (75) telephone calls placed or caused to be initiated by Defendant to Plaintiff's cellular telephone in attempt to collect upon an alleged debt from Plaintiff. These telephone calls constitute "debt collection" as defined by California Civil Code § 1788.2(b).  In addition, these automated debt collection calls were placed via an automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and/or an artificial or prerecorded voice as prohibited by 47 U.S.C. § 227(b)(1)(A).

28. Plaintiff sent Defendant written correspondence via Plaintiff's online account stating that she was receiving calls from Defendant 5-10 times per day and requested Defendant to cease all further telephonic communications to any telephone number on her account, including her cellular telephone number ending in "4989."

29. Subsequently, on March 1, 2018 at approximately 4:46 p.m. PST, Defendant sent Plaintiff a response message through Plaintiff's account confirming that Defendant received and processed Plaintiff's request to opt out of contact by

COMPLAINT FOR DAMAGES

phone and a statement that Defendant's employee understood Plaintiff's frustration in receiving unwanted calls.

30. However, despite Plaintiff's requests to Defendant to cease communications, Defendant continued to call Plaintiff's mobile telephone, including but not limited to the following telephonic communications.

31. On or about March 1, 2018 at or around 8:50 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8551.

32. On or about March 2, 2018 at or around 9:47 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8551.

33. On or about March 3, 2018 at or around 9:24 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8551.

34. On or about March 4, 2018 at or around 2:56 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

35. On or about March 8, 2018 at or around 10:55 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

36. On or about March 9, 2018 at or around 12:47 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

37. On or about March 9, 2018 at or around 3:56 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

38. On or about March 10, 2018 at or around 1:00 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in

"4989" from telephone number (877) 647-8552.

39. On or about March 13, 2018 at or around 6:30 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

40. On or about March 14, 2018 at or around 6:17 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

41. On or about March 15, 2018 at or around 6:23 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

42. On or about March 17, 2018 at or around 2:25 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

43. On or about March 23, 2018 at or around 11:31 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

44. On or about March 24, 2018 at or around 8:13 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

45. On or about March 27, 2018 at or around 11:00 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

46. On or about March 28, 2018 at or around 10:41 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

47. On or about March 29, 2018 at or around 10:14 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

COMPLAINT FOR DAMAGES

48. On or about March 30, 2018 at or around 11:13 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

49. On or about March 31, 2018 at or around 8:17 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

50. On or about April 3, 2018 at or around 10"15 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

51. On or about April 3, 2018 at or around 6:00 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

52. On or about April 3, 2018 at or around 6:37 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

53. On or about April 5, 2018 at or around 9:28 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

54. On or about April 5, 2018 at or around 6:03 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

55. On or about April 5, 2018 at or around 6:39 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

56. On or about April 7, 2018 at or around 8:12 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

57. On or about April 7, 2018 at or around 3:14 p.m. PST, Defendant initiated a

COMPLAINT FOR DAMAGES

telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

58. On or about April 10, 2018 at or around 10:56 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

59. On or about April 11, 2018 at or around 10:58 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

60. On or about April 12, 2018 at or around 10:26 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

61. On or about April 13, 2018 at or around 12:37 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

62. On or about April 14, 2018 at or around 8:15 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

63. On or about April 17, 2018 at or around 10:51 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

64. On or about April 19, 2018 at or around 10:18 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

65. On or about April 19, 2018 at or around 6:21 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

66. On or about April 20, 2018 at or around 11:14 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in

"4989" from telephone number (877) 647-8552.

67. On or about April 21, 2018 at or around 8:22 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

68. On or about April 24, 2018 at or around 10:55 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

69. On or about April 25, 2018 at or around 10:15 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

70. On or about April 26, 2018 at or around 4:27 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

71. On or about April 27, 2018 at or around 12:53 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

72. On or about April 28, 2018 at or around 8:16 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

73. On or about May 2, 2018 at or around 10:39 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

74. On or about May 3, 2018 at or around 11:42 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

75. On or about May 4, 2018 at or around 12:03 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

COMPLAINT FOR DAMAGES

76. On or about May 5, 2018 at or around 8:38 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

77. On or about May 15, 2018 at or around 5:20 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

78. On or about May 16, 2018 at or around 12:44 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

79. On or about May 17, 2018 at or around 1:17 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

80. On or about May 18, 2018 at or around 2:20 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

81. On or about May 25, 2018 at or around 2:27 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

82. On or about May 26, 2018 at or around 12:35 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

83. On or about June 1, 2018 at or around 2:04 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

84. On or about June 2, 2018 at or around 9:10 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

85. On or about June 5, 2018 at or around 12:43 p.m. PST, Defendant initiated a

telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

86. On or about June 7, 2018 at or around 3:24 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

87. On or about June 8, 2018 at or around 1:50 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

88. On or about June 9, 2018 at or around 9:50 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

89. On or about June 12, 2018 at or around 12:47 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

90. On or about June 13, 2018 at or around 12:48 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

91. On or about June 15, 2018 at or around 1:11 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

92. On or about June 16, 2018 at or around 9:03 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

93. On or about June 19, 2018 at or around 11:34 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

94. On or about June 20, 2018 at or around 12:23 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in

COMPLAINT FOR DAMAGES

"4989" from telephone number (877) 647-8552.

95. On or about June 21, 2018 at or around 1:06 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

96. On or about June 23, 2018 at or around 1:01 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

97. On or about August 15, 2018 at or around 8:57 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

98. On or about August 16, 2018 at or around 10:28 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

99. On or about August 17, 2018 at or around 10:09 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

100. On or about August 22, 2018 at or around 2:03 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

101. On or about August 23, 2018 at or around 12:19 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

102. On or about August 27, 2018 at or around 12:33 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

103. On or about August 28, 2018 at or around 2:34 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

104. On or about August 29, 2018 at or around 11:44 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

105. On or about August 30, 2018 at or around 11:42 a.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.

106. On or about August 31, 2018 at or around 12:50 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.  Plaintiff answered this call and heard only dead air, Plaintiff said "hello" repeatedly until the call disconnected.

107. On or about September 4, 2018 at or around 2:28 p.m. PST, Defendant initiated a telephonic communication to Plaintiff's cellular telephone number ending in "4989" from telephone number (877) 647-8552.  Plaintiff answered this call and heard only dead air until the call disconnected.

108. For the reasons discussed below, these repeated telephonic communications by Defendant to Plaintiff's cellular telephone violated both the TCPA and the RFDCPA.

109. Through the abovementioned telephone calls, Defendant violated 15 U.S.C. § 1692c(c) by continuing to contact Plaintiff after Plaintiff notified Defendant in writing that she wanted Defendant to cease and desist all further communication with her regarding the alleged debt in any way, including Plaintiff's cellular telephone.  This section of the FDCPA is incorporated into the RFDCPA through California Civil Code § 1788.17. Thus, Defendant has violated California Civil Code § 1788.17.

110. Through the abovementioned telephone calls, Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with Defendant's attempts to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through

California Civil Code § 1788.17. Thus, Defendant has violated California Civil Code § 1788.17.

11. Through the abovementioned telephone calls, Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect an alleged debt from Plaintiff. This section is incorporated into the RFDCPA through California Civil Code § 1788.17. Thus, Defendant has violated California Civil Code § 1788.17.

12. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with Defendant's debt collection activities, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over Defendant's continued collection calls despite Plaintiff's clear and written request that Defendant cease and refrain from any such telephonic communications.

13. Furthermore, Defendant used an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and/or an artificial or prerecorded voice to make the calls to Plaintiff's cellular telephone.

14. Plaintiff further alleges that Defendant utilized an ATDS due to the systemic and repetitive nature of Defendant's calls and/or a long silence, delay, or dead air upon Plaintiff answering the telephone calls in question and Defendant's response, if any. Such a delay is indicative usage of an ATDS and/or a predictive dialer.

15. Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. Defendant lacked "prior express consent" to utilize an ATDS or predictive dialer to contact Plaintiff on Plaintiff's cellular telephone as described herein.

17. Even if Defendant initially had some purported "prior express consent" to contact Plaintiff via an ATDS or predictive dialer, any purportedly existing "prior express consent" was revoked in writing through the correspondence Plaintiff sent to Defendant on or about March 1, 2018 asking Defendant to cease such calls.

18. As a result of the calls described above, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, as well as particularized and concrete injuries, including the inducement of stress, anxiety, nervousness, embarrassment, distress, and/or aggravation. Plaintiff also suffered out-of-pocket losses, including the monies paid to Plaintiff's wireless carriers for the receipt of such calls. Additionally, due to both the answered and unanswered calls placed by Defendant, Plaintiff suffered the expenditure of their time, exhaustion of Plaintiff's cellular telephone battery and unavailability or prevention from use of Plaintiff's cellular telephone while Defendant's calls were incoming.  These injures and damages were caused by and/or directly related to Defendant's repeated placement of calls to Plaintiff's cellular telephone using an ATDS.

19. Plaintiff was frustrated and distressed that Defendant harassed Plaintiff with numerous phone calls using an ATDS.  Defendant's phone calls forced Plaintiff to live without the utility of Plaintiff's cellular telephone by forcing Plaintiff to silence Plaintiff's cellular telephone, reject, and/or block incoming telephone calls.

20. Defendant's calls were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurred a charge pursuant to 47 U.S.C. § 227(b)(1).

21. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

22. Through the aforementioned conduct, Defendant and/or its agents, violated 47 U.S.C. §§ 227, et seq.

23. Plaintiff suffered damages as a result of Defendant's conduct.

//

//

//

//

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

26. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

**COUNT II**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**47 U.S.C. §§ 227, ET SEQ. (TCPA)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

29. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

//

//

1                                 **COUNT III**

2 **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER**

3                                **PROTECTION ACT**

4                   **47 U.S.C. §§ 227, ET SEQ. (TCPA)**

5 31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

6       though fully stated herein.

7 32. The foregoing acts and omissions of Defendant constitutes numerous and multiple

8       knowing and/or willful violations of the TCPA, including but not limited to each

9       and every one of the above-cited provisions of 47 U.S.C. §§ 227, et seq.

10 33. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227

11       et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each

12       and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. §

13       227(b)(3)(C).

14 34. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in

15       the future pursuant to 47 U.S.C. § 227(b)(3)(A).

16                           **PRAYER FOR RELIEF**

17       WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

18                              **COUNT I**

19       **VIOLATION OF CAL. CIV. CODE §§ 1788, ET SEQ. (RFDCPA)**

20     •  An award of actual damages, in an amount to be determined at trial,

21        pursuant to Cal. Civ. Code § 1788.30(a), against Defendant;

22     •  An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code §

23        1788.30(b), against Defendant;

24     •  An award of costs of litigation and reasonable attorney's fees, pursuant to

25        Cal. Civ. Code § 1788.30(c), against Defendant; and

26     •  Any and all other relief that this Court deems just and proper.

27 //

28 //

COMPLAINT FOR DAMAGES

**COUNT II**

**NEGLIGENT VIOLATIONS OF U.S.C. §§ 227, ET SEQ. (TCPA)**

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An award of injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and

- Any and all other relief that this Court deems just and proper.

**COUNT III**

**KNOWING AND/OR WILLFUL VIOLATIONS OF U.S.C. §§ 227, ET SEQ. (TCPA)**

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- An award of injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A); and

- Any and all other relief that this Court deems just and proper.

135. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: September 5, 2017                    Respectfully submitted,

                                            **KAZEROUNI LAW GROUP, APC**


                                            By:   *s/ Abbas Kazerounian*
                                                  ABBAS KAZEROUNIAN, ESQ.
                                                  MONA AMINI, ESQ.
                                                  ATTORNEYS FOR PLAINTIFF

- 20 -

COMPLAINT FOR DAMAGES
